IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

THELONIOUS MAURICE SMITH,

　　　　Plaintiff,

　　v.

THE STATE OF GEORGIA, et al.,

　　　　Defendants.

CIVIL ACTION NO.: 5:22-cv-22

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Docs. 1, 3.[1]  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I further **DENY as moot** Plaintiff's Motion to Proceed *in Forma Pauperis*.  Doc. 2.

---

[1]　　Plaintiff filed a Motion to Add Defendants on October 11, 2022.  Doc. 3.  Plaintiff filed the Motion before the Court conducted frivolity review, and, thus, Plaintiff could amend as a matter of right. See Fed. R. Civ. P. 15(a).  In other words, Plaintiff did not need to file a motion to amend.  Therefore, the Court **DENIES** Plaintiff's Motion to Add Defendants.  The Court will consider the factual allegations contained both in his Motion, doc. 3, and his initial Complaint, doc. 1, collectively as "Plaintiff's Complaint."  Furthermore, the Clerk of Court is **DIRECTED** to update the docket to reflect the following named Defendants: Officer Leonard; Officer Johnson; and Department of Community Supervision.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff claims, around mid-March 2022, he was wrongfully placed in a substance abuse class by his parole officer, Defendant Cruz.  See Doc. 1 at 4.  Plaintiff alleges he was consuming Federal Drug Administration ("FDA")-approved products that contained cannabidiol ("CBD"), which caused him to receive a positive drug test.  Id.

Plaintiff further alleges, one Thursday when he took a drug test and it was positive for tetrahydrocannabinol ("THC"), he made a comment to Defendant Leonard about filing a lawsuit against the test and Defendant Cruz.  Doc. 3 at 1.  Plaintiff states Defendant Leonard got angry, threw a test stick into the garbage can, and walked out the door with the urine still in the cup.  Id.  A few days later, Plaintiff met with Defendant Johnson, who informed him Defendant Leonard had taken his urine to the "DRC building" and it tested positive for methamphetamine, THC, and alcohol.  Id. at 2.  Defendant Johnson informed Plaintiff he would need to attend a daily, year-long drug class or go to jail.  Id.  Plaintiff states he felt forced to sign up for the drug class so he would not have to go to jail that day.  Id.  Since this incident occurred, Plaintiff has been arrested for failure to go to the drug class.  Id.  As relief, he requests $5 million dollars.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

---

[2]     All allegations set forth here are taken from Plaintiff's Complaint and his supplement.  Docs. 1, 3. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural

rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

      A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law

or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim

upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.**      **Claims Against Defendant State of Georgia**

      Plaintiff names the State of Georgia as a Defendant in this action but does not allege any

particular wrongs by the State.  Doc. 1 at 2.  "The Eleventh Amendment prohibits federal courts

from entertaining suits by private parties against States and their agencies."  Alabama v. Pugh,

438 U.S. 781, 781 (1978).  The sovereign immunity granted by the Eleventh Amendment is not

abrogated by the federal civil rights statutes.  Will v. Mich. Dep't of State Police, 491 U.S. 58,

67 (1989) ("[Section] 1983 was [never] intended to disregard the well-established immunity of a

State from being sued without its consent").  Section 1983 cannot reach the state directly, since

the statute only permits suits against "persons."  Id. at 67.  States are not considered "persons" to

whom Congress intended § 1983 to apply.  See id.; Monell v. Dep't of Soc. Servs., 436 U.S. 658,

690 (1978).  Because the State of Georgia is not a "person" subject to suit under § 1983, I

**RECOMMEND** the Court **DISMISS** all claims against the State of Georgia.

## II.        Claims Against Defendant Department of Community Supervision

Plaintiff names the Department of Community Supervision as a Defendant in this action

but does not allege any particular wrongs by the agency.  Doc. 3 at 1.  To state a claim for relief

under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act

or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  While

local governments qualify as "persons" under § 1983, state agencies are generally not considered

legal entities subject to suit.  See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016)

(noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v.

Allain, 478 U.S. 265, 276 (1986)); Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989)

(concluding the Eleventh Amendment barred §1983 actions against the Georgia Department of

Corrections) (citing Alabama v. Pugh, 438 U.S. 781, 781 (1978)).

Because the Georgia Department of Community Supervision is a state agency, it is not a

"person" subject to suit under § 1983.[3]  Hale, 50 F.3d at 1582.  For this reason, I

**RECOMMEND** the Court **DISMISS** all claims against the Georgia Department of Community

Supervision.

## III.       Claims Against Defendants Cruz, Johnson, and Leonard

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a

defendant where a plaintiff fails to state any allegations that associate the defendant with the

purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008)

---

[3]        See About Us, Ga. Dep't of Cmty. Servs, https://dcs.georgia.gov/about-us (last visited Oct. 6, 2022).

("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

As to Defendant Cruz, Plaintiff only states he told Defendant Cruz he was using "FDA-approved" products that contained CBD.  See Doc. 1 at 4.  Plaintiff fails to describe how Defendant Cruz committed any purported constitutional violation.

Plaintiff also does not explain how Defendant Johnson committed any constitutional violation.  Plaintiff only alleges Defendant Johnson informed him, after receiving results of his failed drug test, he could go to jail or spend a year attending a different drug class.  Doc. 3 at 2. It is unclear how this action is connected to any constitutional violation.

Finally, Plaintiff fails to state a claim against Defendant Leonard.  Plaintiff asserts Defendant Leonard was a community supervisor in conjunction with the substance abuse class Plaintiff attended.  Doc. 3 at 1.  Plaintiff alleges he provided a urine sample for a drug test, which Defendant Leonard performed in front of him.  Id.  When the test stick came back positive for THC, Plaintiff informed Defendant Leonard he (Plaintiff) was pursuing a lawsuit against the use of the drug tests.  Id.  Plaintiff asserts Defendant Leonard then threw away the test stick and stormed out of the room with Plaintiff's urine sample in hand.  Id.  Plaintiff alleges he found out later Defendant Leonard took the urine sample to have more tests performed on the sample.  Id. These facts do not indicate Defendant Leonard committed any legal wrong against Plaintiff. Therefore, Plaintiff does not state a cognizable claim against Defendant Leonard.

Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Cruz, Johnson, and Leonard.

IV.     **Leave to Appeal *in Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff

has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of

dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in*

*forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not

taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context

must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or

argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good

faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x

321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001));

see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D.

Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to

raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court

should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I further **DENY as moot** Plaintiff's Motion to Proceed *in Forma Pauperis*.  Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

        **SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of October,

2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA